Brett W. Johnson (#021527)
Colin P. Ahler (#023879)
Ryan J. Regula (#028037)
Charlene A. Warner (#037169)
SNELL & WILMER L.L.P.
1 E. Washington St., Suite 2700
Phoenix, Arizona 85004
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: bwjohnson@swlaw.com
       cahler@swlaw.com
       rregula@swlaw.com
       cwarner@swlaw.com

Anni L. Foster (#023643)
General Counsel
Office of Arizona Governor Douglas A. Ducey
1700 West Washington Street
Phoenix, Arizona 85007
Telephone: 602-542-4331
E-Mail: afoster@az.gov

*Attorneys for Plaintiff Douglas A. Ducey, Governor of the State of Arizona*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas A. Ducey, Governor of the State of Arizona, in his official capacity,<br><br>   Plaintiff,<br><br>  v.<br><br>Randy Moore, Chief of the United States Forest Service, in his official capacity; Camille Calimlim Touton, Commissioner of the United States Bureau of Reclamation, in her official capacity; Thomas J. Vilsack, United States Secretary of Agriculture, in his official capacity; United States Forest Service; and United States Bureau of Reclamation,<br><br>   Defendants. | No. 22-cv-01814-DGC<br><br>**Plaintiff's Opposition to Federal Defendants' Motion to Transfer and Consolidate**<br><br>**(ORAL ARGUMENT REQUESTED)** |

**INTRODUCTION**

Douglas A. Ducey, Governor of the State of Arizona, opposes the United States' and Federal Defendants' (collectively, the "Federal Government") *Motion to Transfer and Consolidate*, *United States v. Ducey*, 2:22-cv-02107-SMB (Doc. 28, the "Motion"). At the outset, the Motion fails because there is an outstanding Motion to Dismiss filed by the Federal Government in *Ducey v. Moore et. al.*, 2:22-cv-01814-DGC ("*Ducey*"). As such, any consolidation request is premature.

In addition to being procedurally improper, the Federal Government's Motion also fails on substantive grounds. *Ducey* and *United States v. Ducey et al.*, 2:22-cv-02107-SMB ("*USA*") should not be consolidated because the two cases are materially different. In essence, *Ducey* presents two straightforward *legal* issues: (1) what is the scope, if any, of the Federal Government's jurisdiction over the so-called "Roosevelt Reservation," and (2) does Governor Ducey have the constitutional authority to protect Arizona's borders amid an ongoing emergency and public nuisance? (*Ducey* Doc. 1 at 18–19.) *USA*, on the other hand, involves different legal questions and fact-intensive issues, including claims for alleged damages and an argument that the Court should affirmatively mandate the State of Arizona to "remediate" certain areas along the border.[1] (*USA* Doc. 1 at 17–19.) In other words, to the extent it survives the pleadings stage, *USA* require extensive factual development.

The timing of the Federal Government's Motion also suggests it is an attempt to delay resolution of the narrow legal issues in *Ducey*—which are of national interest—through the appellate process by injecting complex factual issues concerning unrelated legal claims. Specifically, the Federal Government filed its Motion (*Ducey* Doc. 28) one day after it filed its separate lawsuit against Governor Ducey, the State of Arizona, and other State actors. (*USA* Doc. 1.) Both were filed at least a week before Governor Ducey was even

---

[1] If these cases truly arose out of the same circumstances, then *USA* is also procedurally improper because the Federal Government's affirmative claims should have been raised as counterclaims rather than a new, independent lawsuit. *See* Fed. R. Civ. P. 13.

- 2 -

1   required to respond to the Federal Defendants' Motion to Dismiss (*Ducey* Doc. 33), and a
2   month before the Federal Defendants' reply will be due. (*Ducey* Doc. 32.)

3         Accordingly, consolidation runs a serious risk of prejudice and confusion and would
4   waste judicial resources. It would also involve a major expansion of the purely legal issues
5   present in *Ducey*—contravening the Court's recent admonishments not to significantly
6   expand the scope of issues in the *Ducey* matter in response to the Center for Biological
7   Diversity's *Motion to Intervene*. (*Ducey* Doc. 22.)

8         For all these reasons, the Motion should be denied.

## ARGUMENT

### I. The Motion is Premature.

The Motion fails at the outset because a request for consolidation is premature where there is a pending motion to dismiss. *See Benson v. Fischer*, No. 16-cv-509 (DWF/TNL), 2019 WL 332434, at *3 (D. Minn. Jan. 25, 2019) ("At this stage, however, with a pending motion to dismiss, any request for consolidation is premature."); *Evans v. Int'l Paper Co.*, No. 1-0214, 2011 WL 2559791, at *6 (W.D. La. June 28, 2011) ("[U]nless and until the court resolves [defendant's] motion to dismiss in plaintiffs' favor, the motion to consolidate remains premature."); *see also* 9A Fed. Prac. & Proc. Civ. § 2383 (3d ed.) ("[C]ourts have concluded that consolidation is premature when motions to dismiss are pending."). Specifically, claims subject to motions to dismiss may result in amended pleadings that alter the transfer and consolidation analysis. *See Benson,* 2019 WL 332432, at *3 (although plaintiff might have been attempting to increase efficiency with a consolidation motion, it was premature to address the consolidation issue with a motion to dismiss pending).

Here, the Federal Government's Motion is premature because on November 23, 2022, in the *Ducey* matter, Randy Moore, Camille Calimlim Touton, Thomas J. Vilsack, the U.S. Forest Service, and the U.S. Bureau of Reclamation ("BOR") filed a Motion to Dismiss against Governor Ducey. (*Ducey* Doc. 24.) Three weeks later, on December 14, 2022, the United States filed a Complaint against Governor Ducey, the State of Arizona, the Arizona Department of Emergency and Military Affairs ("AZ DEMA"), Kerry L.

Muehlenbeck, the Adjutant General for AZ DEMA, and Allen Clark, Director of AZ DEMA and the Arizona Division of Emergency Management. (*USA* Doc. 1.) One day later, and before Governor Ducey had even responded to the Motion to Dismiss, the *Ducey* Federal Defendants filed their Motion to Transfer and Consolidate. (*Ducey* Doc. 28.) The Court has not ruled on the Motion to Dismiss yet—Governor Ducey only filed a response on December 23, 2022 (*Ducey* Doc. 33), and the Federal Government received an extension to reply until January 17, 2023. (*Ducey* Doc. 32.) Thus, until the Court resolves that Motion, transfer and consolidation is premature.

## II. Neither FRCP 42(a) nor LRCiv. 42.1(a) Apply Here.

Even if the Motion is timely, it fails to establish legitimate grounds for transfer and consolidation. Federal Rule of Civil Procedure 42(a) allows a court to consolidate cases "[i]f actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a). However, consolidation is not automatic; even where there are common questions of law or fact, courts "enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). In exercising this discretion, courts "must balance the interest of judicial convenience against the potential for delay, confusion and prejudice that may result from such consolidation." *Sapiro v. Sunstone Hotel Invs., L.L.C.*, No. CV 03 1555 PHX SRB, 2006 WL 898155, at *1 (D. Ariz. Apr. 4, 2006).

Similarly, Local Rule 42.1(a) provides that when two cases are pending before different judges, parties may transfer a case to a single judge provided that the cases:

> (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason [that] would entail substantial duplication of labor if heard by different Judges.[2]

LRCiv 42.1(a).

The Federal Government suggests (*Ducey* Doc. 28 at 1) that satisfying one of these factors is somehow sufficient to warrant transfer. This is not correct: satisfying one of the

---

[2] This case does not involve any patents, trademarks, or copyrights.

- 4 -

factors is a prerequisite to *filing* a motion to transfer. *See* LRCiv. 42.1(a) (explaining that a party "may *file* a motion to transfer the case" if one of the five factors is satisfied). Like with FRCP 42, even where one of the LRCiv. 42.1(a) factors has been satisfied, the Court still has "broad discretion in deciding a motion to transfer under LRCiv 42.1(a)." *Addington v. US Airline Pilots Ass'n,* No. CV-08-01633-PHX-NVW, 2010 WL 4117216, at *1 (D. Ariz. Oct. 19, 2010). A "principal factor" in the Court's inquiry is "whether party economy or judicial economy is substantially served by transfer to another judge."[3] *City of Phoenix v. First State Ins. Co.,* No. CV-15-00511-PHX-NVW, 2016 WL 4591906, at *20 (D. Ariz. Sept. 2, 2016). The Federal Government has failed to establish that transfer or consolidation is warranted here.

### A. The Two Cases Do Not Call for Resolution of Substantially the Same Issues of Law.

The Federal Government's contention that *Ducey* and *USA* call for adjudications of the exact same questions of law is belied by a cursory reading of the two complaints. *USA* has far-reaching consequences well outside the limited legal issues raised in *Ducey*— including as it pertains to all states' separation of powers authorities in relation to the Federal Government.

In *Ducey,* with the exception of one alternative claim, Governor Ducey raises narrow, purely legal issues. His primary claim is that the Roosevelt Reservation is outside of the Presidential Powers in Article II. (*Ducey* Doc. 1 ¶¶ 65–73.) His alternative claims include the legal arguments that: (1) the Forest Service and BOR have no jurisdiction over the Roosevelt Reservation because, as evidenced by a 2006 Memorandum of Understanding, the area is outside of their control; (2) the state and federal government maintain concurrent jurisdiction over the area, giving the State authority to respond to emergencies without federal permission; (3) the state has a right to defend itself against mass illegal migration pursuant to Article I, Section 10 and Article IV, Section 4 of the

---

[3] This district treats motions to consolidate and motions to transfer the same. *See Cagle v. Ryan,* No. CV1603912PHXJATJFM, 2018 WL 2688775, at *1 (D. Ariz. June 5, 2018)

- 5 -

U.S. Constitution; and (4) *if* the Forest Service and BOR have jurisdiction over the Roosevelt area, then it is only an easement in which these agencies cannot claim sole jurisdiction. (*Id.* ¶¶ 74–97.)[4] Governor Ducey does not seek any damages, but instead simply asks for declaratory and injunctive relief allowing the State to take decisive action to stop an unrelenting flow of illegal migration into Arizona's borders and mitigate the significant material consequences long ignored by the Federal Government. (*Id.* at 18–19.)

In contrast, the gravamen of the United States' Complaint in *USA* is that the State has somehow trespassed on the land in question by temporarily filling gaps in the border wall, after over a year of continued federal inaction. (*USA* Doc. 1 ¶¶ 54–59.) Specifically, the United States asserts claims for trespass, ejectment, and interference with easements, among other things. (*Id.* ¶¶ 60–81.) The United States seeks damages and extraordinary injunctive relief, including an injunction requiring Arizona to "remediate any and all harm to the lands owned by the United States caused by Arizona's installation of shipping containers." (*Id.* at Prayer for Relief ¶¶ I, K.) If the *USA* matter survives the pleadings stage, it will be highly fact-intensive. For instance, the Federal Government's claims for damages and remediation related to the properties would likely require numerous experts, witnesses, and documentary evidence. The reality is that Governor Ducey would have to potentially wait years to resolve on appeal his limited legal questions of national interest that have been raised in the *Ducey* matter, while awaiting extensive disclosure and discovery in the *USA* litigation.

Moreover, the Federal Government overstates the extent that the legal issues in *Ducey* and *USA* actually overlap. It is true that Governor Ducey's multiple, alternate legal grounds for temporarily filling in gaps in the border wall, in the face of continued federal inaction to address a recognized emergency, provide defenses to the Federal Government's trespass allegations. But if those defenses fail, the United States will still have to show that the State somehow actually trespassed without authorization on federal properties to

---

[4] The sole remaining claim is Governor Ducey's alternative nuisance claim, which only requires resolution in the event that, somehow, all of his other claims fail as a matter of law.

1  address an emergency, actually caused "damages" to that land, and the extent of those
2  damages. These cases are materially different.

### B. The Two Cases Have Different Parties.

Although the Federal Government correctly acknowledges that *USA* and *Ducey* have different parties (*Ducey* Doc. 28 at 2), it downplays this fact by asserting that the two cases involve "substantially" the same parties: Governor Ducey and the United States. But this argument is premised on the Federal Government's flawed view that a suit against the Federal Defendants is a *de facto* lawsuit against the United States, which is barred by sovereign immunity. (Ducey Doc. 24 at 6–12). Even setting aside the many flaws in the Federal Defendants' attempt to invoke a sovereign immunity defense (*Ducey* Doc. 33 at 8–12), Governor Ducey named Randy Moore, Camille Calimlim Touton, and Thomas J. Vilsack as *individual* defendants in their official capacity because he alleges, in the alternative, that these officials acted *ultra vires* in asserting jurisdiction over the Roosevelt Reservation. (*Ducey* Doc. 1 ¶¶ 69, 74–81, 93–97.) Thus, one of the Federal Government's main reasons for consolidating this case falls apart.

### C. There is No Risk for Direct Conflict and Transfer Will Not Avoid Substantial Duplication of Labor.

For the reasons outlined above, the two cases will not require serious duplication of labor. If anything, consolidating the two cases would create *more* labor for the Court assigned to the *Ducey* case by substantially expanding the scope of that litigation and delaying appellate review. As stated above, *Ducey* addresses narrow legal issues addressing a recognized emergency in the State of Arizona. *USA* concerns an administrative trespass case that ignores the emergency at hand and seeks to delay resolution of important, national legal issues by inserting fact intensive questions.

There is also no serious concern about conflicting rulings. As discussed, the legal and factual issues diverge in several material respects. And due to the timing and nature of both cases, *Ducey* will be decided on a more expedited timeline.

### D.     The Potential for Confusion and Prejudice Outweighs Judicial Convenience.

Finally, even if the Federal Government could show that some of the factors in Fed. R. Civ. P. 42 or LRCiv 42.1 are present, the Court should use its discretion to decline to transfer and consolidate because "[c]onsolidated briefs and other filings would only complicate this already complex litigation by blurring the distinctions between" the two lawsuits. *See Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 390, 395 (E.D. Wis. 2008).

As the Motion and this Response make clear, *Ducey* and *USA* are complex matters concerning discrete portions of land, novel legal theories, and numerous distinct parties. The *USA* matter also will involve substantial fact-based discovery, assuming *arguendo* that it survives the pleadings stage. Combining these two cases runs a major risk that the issues will be confused—with resulting prejudice to Governor Ducey and the other State defendants in *USA*. The fact that no party in *Ducey* or *USA* has requested a jury trial does not mitigate this harm; "even where the court sits as a chancellor," it should not consolidate a case "where the issues affecting various [parties] are certain to lead to confusion or prejudice to any one or all of the [parties]." *See United States v. Knauer,* 149 F.2d 519, 520 (7th Cir. 1945); *see also* 9A Fed. Prac. & Proc. Civ. § 2383 (3d ed.) ("Factors that increase the likelihood of prejudice and jury confusion include complex legal theories and factual proof.").

### CONCLUSION

The bottom line is that *Ducey* addresses narrow legal issues addressing a recognized emergency in the State of Arizona. *USA*, on the other hand, is a run of the mill administrative trespass matter that attempts to ignore the emergency at hand and delay the resolution of a legal issue of national interest. Therefore, the Federal Government's attempt to slow walk the resolution of the narrow legal issues in *Ducey* through the trial and appellate process by inserting complex factual issues pertaining to unrelated legal claims should be rejected. The Court should deny the Federal Government's Motion to Transfer and Consolidate.

DATED this 28th day of December, 2022.

                    SNELL & WILMER L.L.P.

By: *Brett W. Johnson*
     Brett W. Johnson
     Colin P. Ahler
     Ryan J. Regula
     Charlene A. Warner
     1 E. Washington Street, Suite 2700
     Phoenix, AZ 85004

     Anni L. Foster
     OFFICE OF ARIZONA GOVERNOR
     DOUGLAS A. DUCEY
     1700 West Washington Street
     Phoenix, AZ 85007

     *Attorneys for Plaintiff Douglas A. Ducey, Governor of the State of Arizona*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record in this matter.

*s/ Tracy Hobbs*