_FILED  _LODGED
_RECEIVED  _COPY

DEC 30 2022

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____DEPUTY

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE _Civil 54, 71(a)(1)_
(Rule Number/Section)

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br><br>DOUGLAS A. DUCEY, *in his official capacity as Governor of the State of Arizona*; THE STATE OF ARIZONA; ARIZONA DEPARTMENT OF EMERGENCY AND MILITARY AFFAIRS; KERRY L. MUEHLENBECK, *in her official capacity as Adjutant General, Arizona Department of Emergency and Military Affairs;* and ALLEN CLARK, *in his official capacity as Director of the Arizona Division of Emergency Management, Arizona Department of Emergency and Military Affairs,*<br>Defendants.<br><br>EMANUEL MCCRAY, on behalf of himself and all others similarly situated,<br><br>Intervenors-Defendants. | Case No.: **2:22-cv-02107-SMB**<br><br>**PROPOSED<br>MOTION TO DISMISS**<br>**Pursuant to Rule 12(b)(6), Fed. R. Civ. P. and "Political Question Doctrine"** |

i

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and the "political question doctrine", Proposed Intervenors-Defendants move for an order dismissing plaintiffs' complaint challenging Arizona's choice of remedies to abate a "criminal nuisance" involving the use of federal lands entrusted to Plaintiff's officers and employees, including President Biden, to commit a multiplicity of crimes including drug running and human trafficking. A supporting memorandum accompanies this motion.

Respectfully submitted this 25th day of December 2022.

*Emanuel McCray*

Emanuel McCray
2700 Caples Street
P.O. Box 3134
Vancouver, WA 98668
(564) 208-7576
emanuel.mccray@hotmail.com

1

**TABLE OF CONTENTS**

2

TABLE OF CONTENTS..................................................................................... i

3

4

TABLE OF AUTHORITIES............................................................................... ii

5

INTRODUCTION ..............................................................................................1

6

ARGUMENT

7

     I.     PLAINTIFF'S COMPLAINT IS SUBJECT TO RULE 12(b)(6)

8

               DISSMISSAL ..........................................................................1

9

     II.    PLAINTIFF'S COMPLAINT IS SUBJECT TO DISSMISSAL

10

               PURSUANT TO THE POLITICAL QUESTION

11

               DOCTRINE..........................................................................4

12

CONCLUSION...................................................................................................6

13

CERTIFICATE OF SERVICE ...........................................................................7

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

iii

1

# TABLE OF AUTHORITIES

2

3

**Cases**                                                                       **Page(s)**

4

Bagnell v. Broderick

5
 38 U.S. (13 Pet.) 436, 450 (1839) ........................................................................2

6

Baker v. Carr
 369 U.S. 186, 198-99 (1962)................................................................................4

7

8

Cal. Coastal Comm'n v. Granite Rock Co.
 480 U.S. 572, 593–94 (1987) ...............................................................................5

9

10

Corrie v. Caterpillar, Inc.
 503 F.3d 974, 977, 982 (9th Cir.2007) ..............................................................5

11

12

DaimlerChrysler Corp. v. Cuno
 547 U.S. 332, 352 (2005)…… .............................................................................4

13

14

Hospital Bldg. Co. v. Rex Hospital Trustees
 425 U.S. 738, 740 (1976) ....................................................................................3

15

16

Jenkins v. McKeithen
 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969) ...................... ......3

17

18

Massachusetts v. EPA
 549 U.S. 497, 516 (2007) ...................................................... ......4

19

20

Padilla v. Yoo
 678 F.3d 748, 757 (9th Cir. 2012) ......................................................... ......3

21

22

Saldana v. Occidental Petroleum Corp.
 774 F.3d 544, 551 (9th Cir. 2014) ............................................... .......5

23

24

Schlesinger v. Reservists Comm. to Stop the War
 418 U.S. 208, 215 (1974) ...................................................... ......4

25

26

Schneider v. California Dept. of Corr.
 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ............................................. ......3

27

28

Wilcox v. McConnel
    38 U.S. (13 Pet.) 498, 517 (1839) ................................................ ......2

**Statutes**

U.S. Constitution

    Article III, § 2 ......................................................................... ......4

    Article IV, § 3, Clause 2 ..................................................... ......2

    Article VI, Clause 2 .............................................................. ......2

Federal Rules of Civil Procedure

    Rule 12(b)(6) .............................................................. ...1, 3, 5

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF INTERVENORS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**INTRODUCTION**

Plaintiff seeks Article III intervention by this Court, which if granted, would condone the continued commission of a multiplicity of crimes involving the use of federal lands entrusted to the care of Plaintiff's officers and employees, to the detriment of the People of the United States, including the State of Arizona.

Plaintiff does not allege, nor even direct this Court's attention to a law by Congress, or a ruling of the Supreme Court, that has approved or sanctioned the use of federal public lands for the commission of a multiplicity of crimes that arguably affects all citizens of the United States.

For these reasons and those detailed below, Plaintiff's complaint must be dismissed with prejudice for failure to state a cognizable claim and on an addition ground pursuant to the "political question doctrine".

**ARGUMENT**

**I.     Plaintiff's Complaint Is Subject To Rule 12(b)(6) Dismissal.**

The Motion To Intervene is hereby incorporated herein by reference as if set forth verbatim herein.

The issue is not the ownership of federal public property. Rather the issue is whether the Constitution has expressly given to Congress powers which the President and his subordinates may imply to include power and authority to use

1

Federal lands to aid and abet a "criminal nuisance" that is responsible for a multiplicity of Federal and State crimes affecting the public health and safety of the People of the United States.

Thus, Plaintiff's reliance on the Property Clause, Article IV, Section 3, Clause 2 and the Supremacy Clause, Article VI, Clause 2 is misplaced and misguided given the fact that the dispositive facts are not capable of dispute.

Plaintiff's officers and employees were using federal lands to commit a multiplicity of crimes which affected the jurisdictional sovereignty of the Several States, and which caused Arizona to spring into action. Rather than prosecute Plaintiff's officers and employees for their crimes under State law, Arizona ended the crime spree with the use of "hundreds of double-stacked multi-ton shipping containers". Complaint at 1, paragraph 2.

No statute enacted by Congress vested officers and employees of the United States, including President Biden, with power to commit the crimes which forced Arizona to deploy "shipping containers" to stop the crime wave.

Similarly, the Supreme Court has never construed the Property Clause in a manner that would permit Plaintiff's officers and employees, including President Biden, to commit crimes threatening the public's health and safety. Indeed, a long line of cases are silent as to such power—from *Bagnell v. Broderick,* 38 U.S. (13 Pet.) 436, 450 (1839) and *Wilcox v. McConnel,* 38 U.S. (13 Pet.) 498, 517 (1839), to

2

*Cal. Coastal Comm'n v. Granite Rock Co.,* 480 U.S. 572, 593–94 (1987) (applying traditional preemption analysis to a question of whether state environmental laws apply to a private company utilizing an unpatented mining permit on federal land).

A Rule 12(b)(6) Motion tests the legal sufficiency of the claim or claims stated in the Complaint. "The focus of any Rule 12(b)(6) dismissal…is the complaint." *Schneider v. California Dept. of Corr.,* 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees,* 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen,* 395 U.S. 411, 421, *reh'g denied,* 396 U.S. 869 (1969); *Padilla v. Yoo*, 678 F.3d 748, 757 (9th Cir. 2012).

Plaintiff fails to inform this Court of the source of its authority to permit its officers and employees, including President Biden, to criminally conspire to use federal public lands to commit, and or aid and abet, the commission of a multiplicity of crimes involving human and drug trafficking, homicides, including the murder of Democrat Committee Staffer Seth Rich; sexual assaults; weapons charges; general assaults; kidnappings; thefts; and robberies. The Complaint must be dismissed for failure to state a claim and the "political question doctrine".

3

**II.     Plaintiff's Complaint Is Subject To Dismissal Pursuant To the "Political Question Doctrine".**

The Political Question Doctrine prevents courts from deciding issues assigned to the Executive or Legislative branches of the U.S. government, even where other justiciability requirements, such as standing, ripeness, and mootness, would otherwise be met. *Baker v. Carr,* 369 U.S. 186, 198-99 (1962) (discussing difference between jurisdiction and appropriateness of the subject matter for judicial consideration, known as justiciability); *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 352 (2005) (The doctrines of mootness, ripeness, and political question all originate in Article III's 'case' or 'controversy' language, no less than standing does.).

In *Baker v. Carr*, the Supreme Court identified six factors relevant to the political question doctrine. *Baker*, 369 U.S. at 217. See also *Schlesinger v. Reservists Comm. to Stop the War,* 418 U.S. 208, 215 (1974) ([T]he presence of a political question suffices to prevent the power of the federal judiciary from being invoked by the complaining party.).

The Supreme Court has stated that, for purposes of Article III, § 2 of the Constitution, no justiciable 'controversy' exists when parties seek adjudication of a political question. *Massachusetts v. EPA,* 549 U.S. 497, 516 (2007).

A "discriminating" analysis of *Baker's* six factors means the Complaint is not susceptible to judicially manageable standards under any of the six factors given the

4

fact that the Complaint's political questions are so inextricably tied to the case as to divest the court of jurisdiction to grant the relief requested. *Saldana v. Occidental Petroleum Corp.*, 774 F.3d 544, 551 (9th Cir. 2014), citing *Corrie v. Caterpillar, Inc.,* 503 F.3d 974, 977, 982 (9th Cir.2007).

Citing *Corrie,* 503 F.3d at 984, the Ninth Circuit in *Saldana* further found that resolving the suit would "necessarily require us to look beyond the lone defendant in this case and toward the foreign policy interests and judgments of the United States government itself." *Saldana,* 774 F.3d at 552.

The same is true here. Plaintiff has authored a complaint that is loaded with political questions of many varieties. Resolving the complaint, like the cases involving *Corrie* and *Saldana,* would require the Court to look beyond the Arizona Defendants and toward the foreign policy interests and judgments of the United States government itself, and the policies of United States permitting its officers and employees, including President Biden, to use federal public lands to maintain a "criminal nuisance" in violation of Arizona's laws and State sovereignty and the sovereignty and powers reserved to the People in the Tenth Amendment.

To state differently, Plaintiff, by filing its complaint, incriminates its officers and employees with its allegations. These allegations, if taken as true, would necessarily require this Court to look beyond Plaintiff and into the criminal conduct of Plaintiff's officers and employees, including President Biden, that caused

Arizona to abate the crime spree involving MS-13 gang members and others, with

the use of "hundreds of double-stacked multi-ton shipping containers".

## III.   CONCLUSION.

For the above reasons, this Court should grant Intervenors-Defendants'

Motion to Dismiss for failure to state a claim and on the "political question

doctrine".

Respectfully submitted this 25th day of December 2022.


*Emanuel McCray*
Emanuel McCray
2700 Caples Street
P.O. Box 3134
Vancouver, WA 98668
(564) 208-7576
emanuel.mccray@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of December 2022, I mailed a copy of

the foregoing document, postage prepaid, to all parties addressed as follows:

| | |
|---|---|
| Anni Lori Foster<br>Office of the Governor<br>1700 W Washington St.<br>Phoenix, AZ 85007 | Arizona Department of Emergency and<br>Military Affairs<br>5636 E. McDowell Road<br>Phoenix, AZ 85008 |
| Brett William Johnson<br>Charlene A Warner<br>Colin Patrick Ahler<br>Ryan James Regula<br>Snell & Wilmer LLP<br>1 E Washington St., Ste. 2700<br>Phoenix, AZ 85004<br>*Attorneys for Defendant Douglas A.*<br>*Ducey* | Major General Kerry L. Muehlenbeck<br>Arizona Department of Emergency and<br>Military Affairs<br>5636 E. McDowell Road<br>Phoenix, AZ 85008<br><br>ANDREW A. SMITH<br>c/o United States Attorney's Office<br>201 Third Street, N.W., Suite 900<br>P.O. Box 607<br>Albuquerque, NM 87103 |
| Mark Brnovich, Attorney General of the<br>State of Arizona<br>Office of the Attorney General<br>2005 N. Central Ave<br>Phoenix, AZ 85004-2926<br>*Attorney for Defendant State of Arizona* | TYLER M. ALEXANDER<br>Natural Resources Section<br>PO Box 7611<br>Washington, DC 20044-7611 |
| Allen Clark<br>Director of the Arizona Division of<br>Emergency Management<br>Arizona Department of Emergency and<br>Military Affairs<br>5636 E. McDowell Road<br>Phoenix, AZ 85008 | SHAUN M. PETTIGREW<br>c/o NOAA, Damage Assessment<br>7600 Sand Point Way, NE<br>Seattle, WA 98155<br>*Attorneys for Plaintiff* |

*Emanuel McCray*
Emanuel McCray

7

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED



**P**



U.S. POSTAGE
**$9.90**
PM
98661
Date of sale
12/20/22
OG    25.3K
11486725

## PRIORITY MAIL ®

EMANUEL MCCRAY
PO BOX 3134
VANCOUVER WA 98668-3134

**RDC 04**

EXPECTED DELIVERY DAY: 12/30/22

C011

SHIP
TO:

DISTRICT COURT
401 W WASHINGTON ST
PHOENIX AZ 85003-2117

**USPS TRACKING® NUMBER**

9505 5066 7171 2360 7826 95

PS00001000014

EP14F May 2020
OD: 12 1/2 x 9 1/2

## PRIORITY® MAIL

**FROM:**   EMANUEL MCCRAY
2700 Caples Avenue
P.O. Box 3134
Vancouver, WA 98668

ance (restrictions apply)
ernational destinations.



rm is required.

s exclusions see the

y and limitations of coverage.



**TO:**

CLERK OF COURT
U.S. District Court
District of Arizona
401 W. Washington St., Suite 130, SPC 1
Phoenix, AZ  85003-2118

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

